IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SETH D. HARRIS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-337-MJR-DGW |
| ) | |
| PANTER CITY HAULING, INC., PERRY ) | |
| RIDGE LANDFILL, INC., JOSEPH MAZZA, ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

In the underlying lawsuit, the United States Department of Labor alleges that Defendants, Panther City Hauling, Inc., Perry Ridge Landfill, Inc., and Joseph Mazza engaged in discriminatory practices when they terminated Complainant Mark Gates' employment after he filed a verbal complaint with the Occupational Safety and Health Administration (OSHA) regarding the lack of proper work equipment.

Defendants Perry Ridge and Joseph Mazza ("Defendants") propounded discovery requests to produce documents. On December 3, 2013, the Department of Labor produced a privilege log objecting to Defendants requests for production as protected by certain privileges—the attorney-client privilege, the government informer's privilege, and the deliberative process privilege. The parties dispute the confidentiality of twenty-three documents. Further at issue is the location of Joseph Mazza's deposition and Defendants' objections to certain interrogatories. This Court conducted an in camera review of the documents, held an in-person hearing in the East St. Louis Courthouse on the matter, and finds the following:

### Discussion

The Department of Labor alleges three privileges—the attorney-client privilege, the government informer's privilege, and the deliberative process privilege—in its privilege log produced on December 3, 2013. The twenty-three documents the DOL deemed privileged include handwritten notes, worksheets, diary entries, memoranda, and emails. The parties have agreed that documents 2-7, 13, 14, and 15 are not at issue as they have been produced in a redacted form.

**Attorney-Client Privilege**

The attorney-client privilege protects confidential communications made by a client to his attorney where legal advice is sought from a professional legal advisor in his capacity as such. *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2009). The inquiry into whether documents are subject to a privilege is a highly fact-specific one. "Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (quoting *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990). An assertion of privilege, therefore, must be made on a document-by- document basis. *United States v. White,* 950 F.2d 426, 430 (7th Cir. 1991).

The principles of the privilege, as adopted by the Seventh Circuit are as follows:

> (1) Where legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (citing 8 John Henry Wigmore,

*Evidence in Trials at Common Law § 2292* (John T. McNaughton rev.1961).

As the party seeking to establish the privilege, Defendants bear the burden of demonstrating all of the elements. *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003).

**Federal Deliberative Process**

"The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *U.S. v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The underlying policy of the privilege is to promote frank discussion of legal and policy matters that are essential to the decision making process of a governmental agency. *Id*. The privilege is not absolute; it "may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality." *Id*.

Courts conduct a two-step inquiry to determine whether the information is protected from disclosure under the privilege. *Sandholm*, 2010 WL 899032 at *3. First, the governmental agency must show that the privilege applies. *Id*. The privilege applies only to "pre-decisional" and "deliberative" matters. *Id*. Communications are pre-decisional if the information was generated before the adoption of an agency policy, and deliberative if they involve the give and take of the consultative process. *Id*. If the privilege applies, the court will order the disclosure if the plaintiff demonstrates a particularized need for the documents that outweighs the defendant's need for confidentiality. *Id*.

**Government Informant's Privilege**

The doctrine of the informer's privilege is not a recent phenomenon, having its roots in the English common law. *Dole v. Local 1942, Intern. Broth. of Elec. Workers, AFL-CIO*, 870 F .2d

368 (7th Cir. 1988). The underlying concern of the doctrine is the common-sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation. *Id*. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. *Roviaro v. United States*, 353 U.S. 53, 77 (1957). The privilege recognizes the responsibility of citizens to cooperate with law enforcement officials and, by providing anonymity, encourages them to assume this responsibility. *Dole*, 870 F .2d at 372. With the threat of reprisal real and unprotected against, well-intentioned citizens may hesitate or decline to assist the government in tracking down wrongdoers. *Id*. The threatened reprisal may be physical, but the privilege also recognizes the subtler forms of retaliation such as blacklisting, economic duress and social ostracism. *Id*.

The most effective means of protection, and by derivation the most effective means of fostering citizen cooperation, is bestowing anonymity on the informant, thus maintaining the status of the informant's strategic position and also encouraging others similarly situated who have not yet offered their assistance. *Dole*, 870 F .2d at 372. In civil cases the privilege, which limits the right of disclosure usually called for by the Federal Rules of Civil Procedure, is arguably greater since not all constitutional guarantees which inure to criminal defendants are similarly available to civil defendants. *Id*.

When asserting the privilege the government need not make a threshold showing that reprisal or retaliation is likely, because of the significant policy consideration behind the privilege, as well as the difficulty of such proof. *Dole*, 870 F .2d at 372. Rather, the government is granted the privilege as of right. *Id*. But the privilege is qualified; it yields when the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair

administration of justice. *Rovario*, 353 U.S. at 60-61, 77 ("Where the disclosure of the informer's identity, or the contents of his communication is relevant and helpful to the defense of an accused, the privilege must give way"). The party opposing the privilege may overcome it upon showing his need for the information outweighs the government's entitlement to the privilege. *Dole*, 870 F .2d at 373. The district judge must take a balanced approach and in the end decide whether the party opposing the privilege has credible need for the information in order to defend itself in the action—a need greater than the important policy consideration underlying the privilege. *Id*.

**Document 1**

Plaintiff claims that Document 1—handwritten notes taken by an investigator during interviews with employees and management—is protected by the government informer's privilege, the deliberative process privilege, and the attorney-client privilege. The handwritten notes were used by an investigator when he drafted typewritten memos to file. Plaintiff contends that these notes are privileged because they contain the investigator's opinions regarding what is factually relevant to the investigation. That kind of opinion, Plaintiff contends, is protected by the deliberative process privilege as it is prepared for the purpose of litigation. Plaintiff further alleges that the document contains information identifying witnesses which falls under the purview of the government informer's privilege.

Defendants are entitled Document 1. The attorney-client privilege does not apply as this document only contains the investigator's notes and is not a communication between a client and his attorney. The deliberative process privilege does not apply as the investigator's notes do not implicate the agency's decision making process on a bigger policy issue in this case. Further, the Defendants' need to review the evidence against them to defend this case outweighs the

government's entitlement to the government informer's privilege. The government, however, is allowed to produce a redacted version of this document striking names of witnesses and identifying information. This document, in redacted form, **MUST BE PRODUCED BY JANUARY 8, 2014**.

**Documents 8, 9, 10**

Documents 8, 9, and 10 are the investigator's typewritten memoranda of interviews with employees. Plaintiff contends that the government informer's privilege and the attorney-client privilege applies. Plaintiff alleges that in light of the size—both companies have less than 24 employees—redacting the documents would render them useless. This Court disagrees as Defendants need to see the information and evidence against them to defend the case. As such, Documents 8, 9, and 10, are **ORDERED** to be produced with the names of witnesses and any identifying information redacted by **JANUARY 8, 2014**.

**Document 11**

Regarding Document 11, Plaintiff is granted leave until January 16, 2014 to file supplemental briefing under seal as to why this document is privileged.

**Document 12**

Document 12, a typewritten memorandum of a phone interview with Complainant, shall be produced and redacted to the extent that it discloses the amount that may satisfy Complainant in a settlement agreement. Any names of witnesses or identifying information listed in this document shall also be redacted. This document is **ORDERED** to be produced by **JANUARY 8, 2014**.

**Documents 16, 17, 18**

Document 16 is a seven-page final report of an investigator. The report was compiled by

the agency and submitted to the Assistant Regional Administrator of OSHA, Region V, for review regarding whether to refer the case to their lawyers to file suit. The report maps out legal issues and gives a recommendation for litigation. This document is protected by the deliberative process privilege as it shows OSHA's decision-making process. For the same reasons, Document 17 is also protected. Document 18, however, is **ORDERED** to be produced by **JANUARY 8, 2014** as it does not go to OSHA's decision-making process.

**Documents 19 and 20**

Document 19 is protected by the attorney-client privilege as it was drafted by Plaintiff's counsel and sent the Assistant Regional Administrator of OSHA and the investigator on the case. Document 20 is also protected as it references Document 16, the final report of the investigator submitted to the Regional Administrator for review to decide whether to refer the case to the lawyers. The document also contains settlement negotiations. These two documents will not be produced to Defendants.

**Documents 21 and 22**

Document 21 and 22 are privileged as they contain settlement negations and discussions regarding what amount of money might satisfy Complainant in a settlement. As such, documents 21 and 22 will not be produced.

**Document 23**

Document 23, an email from OSHA's Assistant Regional Administrator to the investigator, is **ORDERED** produced with names of witnesses and any identifying information redacted by **JANUARY 8, 2014**.

**Deposition Location**

The parties dispute the location of the deposition of Joseph Mazza. The deposition, to be scheduled by Plaintiff, is **ORDERED** to take place in the Southern District of Illinois as the complaint was filed in the Southern District and any subpoena would issue from said district. Further, deponent has indicated that he would prefer to be deposed in the Southern District of Illinois and he regularly transacts business in the District.

**Other Discovery Issues**

Also at issue are Perry Ridges' responses to Plaintiff's interrogatory number 15 and request for production number 29. Interrogatory 15 asks Defendant Perry Ridge to "identify all employees, including any former employees, who have ever been subject to disciplinary action in any manner for the time period of July 27, 2009, through and including July 27, 2011." Defendants object on the grounds that it is irrelevant and immaterial to any issues raised in the litigation. The Court finds that the information sought is relevant and material to this lawsuit. Further, disciplinary action is not vague or ambiguous as Defendant contends. Defendant Perry Ridge is **ORDERED** to answer interrogatory 15 by January 8, 2014.

Further, Plaintiff seeks "All documents relating to any and all contracts between Panther City Hauling, Inc., and Perry Ridge Landfill, Inc." This Court **ORDERS** that these documents be produced by **JANUARY 8, 2014**, but only those documents from December 2008, when Defendant Perry Ridge was formed, to April 9, 2013, when the complaint was filed.

**IT IS SO ORDERED.**

**DATED:** January 3, 2014

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**